IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY LOMBARDI | ) |
| | ) |
| v. | ) NO. 1:06-0072 |
| | ) JUDGE CAMPBELL |
| CITY OF CORNERSVILLE, TN | ) |

MEMORANDUM

Pending before the Court is Counter-Defendant's Motion to Dismiss Counterclaim (Docket No. 15). For the reasons stated herein, the Motion to Dismiss Counterclaim is DENIED.

FACTS

Plaintiff filed this action against his former employer for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-263. Plaintiff contends that Defendant wrongfully failed to pay Plaintiff overtime wages. Docket No. 1. Defendant argues that Plaintiff was "exempt" from the overtime and minimum wage requirements of the FLSA and that Plaintiff's claims are noncompensable under the Portal-to-Portal Act. Docket No. 10. Defendant has filed a Counterclaim against Plaintiff, alleging that, while he was employed by Defendant, Plaintiff received wrongfully appropriated funds, bonuses and wages to which he was not entitled. Docket No. 18.[1]

In the pending Motion, Plaintiff/Counter-Defendant asks the Court to dismiss this Counterclaim for lack of subject-matter jurisdiction, for failure to state a claim, because the FLSA

---

[1] Defendant's original Counterclaim (Docket No. 10) has been amended without objection. Docket No. 18.

does not permit assertion of equitable defenses, and because the subject matter of the Counterclaim is not so closely related to the subject matter of the original complaint as to justify the exercise of supplemental jurisdiction. Docket No. 15.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must accept the non-moving party's allegations of fact as true. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

## SUBJECT-MATTER JURISDICTION

Counter-Defendant claims that Defendant has failed to identify, in its Counterclaim, the basis for this Court's jurisdiction. Since this assertion, however, Defendant has amended its Counterclaim (Docket No. 18) and specifically asserts that the Court has supplemental jurisdiction of the Counterclaim, pursuant to 28 U.S.C. § 1367, because it is so related to the claims in the underlying action that as to form part of the same case or controversy. Accordingly, Counter-Defendant's Motion to Dismiss based upon the assertion that Defendant has failed to identify a basis for jurisdiction is denied. Counter-Defendant's argument related to supplemental jurisdiction is addressed below.

2

## FAILURE TO STATE A CLAIM

Counter-Defendant argues that the Counterclaim does not include a short and plain statement of the claim showing that the pleader is entitled to relief. Docket No. 16, p. 6. Again, Defendant's Amended Counterclaim moots this argument by sufficiently setting forth the basis for the Counterclaim. Docket No. 18. Counter-Defendant's Motion to Dismiss based upon this assertion is denied as well.

## EQUITABLE DEFENSES

Counter-Defendant asserts that the FLSA does not permit the assertion of equitable defenses, such as unjust enrichment.[2] Counter-Defendant asserts, without citation to authority, that equitable principles have no place in an FLSA case. Docket No. 16, p. 5.

The Court need not address the argument that equitable defenses have no place in an FLSA case. Unjust enrichment is a separate cause of action, not a defense. See, e.g., Bennett v. VISA U.S.A., Inc., 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006) (unjust enrichment is a quasi-contractual cause of action). Accordingly, Counter-Defendant's Motion to Dismiss based upon this argument is denied.

## SUPPLEMENTAL JURISDICTION

Federal law provides that the Court with original jurisdiction over the case shall have supplemental jurisdiction "over all other claims that are so related to claims in the action within such

---

[2] Counter-Defendant's arguments concerning estoppel, unclean hands and failure to mitigate damages are not the subject of the Amended Counterclaim but, rather, are raised as affirmative defenses to the Complaint.

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[3]

Counter-Defendant asserts that the Counterclaim in this case has nothing to do with the employment relationship which is at the core of the Plaintiff's FLSA claims. Docket No. 16, p. 3. In ruling on this Motion to Dismiss, however, the Court must accept the Defendant's allegation of facts as true. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). The Counterclaim asserts facts which, if true, are indeed related to the employment relationship of Plaintiff and Defendant.

For example, Defendant asserts that Plaintiff received *more* payments than those to which he was entitled as an employee of Defendant. Plaintiff is claiming that he received *too little* payment as an employee of Defendant. As in Dodson v. Action Nissan, Inc., 2006 WL 2503621 at * 2 (M.D. Tenn. Aug. 25, 2006), Plaintiff's credibility may be key to his FLSA claim (that is, when and how often he worked overtime without compensation) and his credibility may be key to the Counterclaim, which charges him with misappropriation of funds.

The Court has broad discretion in deciding whether to exercise supplemental jurisdiction over Defendant's Counterclaim. Pinney Dock & Transport Co. v. Penn Central Corp., 196 F.3d 617, 620 (6th Cir. 1999). On the current record, the Court finds that the Complaint and Counterclaim arise from the same case and controversy for purposes of exercising supplemental jurisdiction. Should the record when further developed prove otherwise, Counter-Defendant is free to raise this argument again.

---

[3] The Court may decline to exercise supplemental jurisdiction in certain enumerated cases. 28 U.S.C. § 1367(c).

CONCLUSION

For all these reasons, Counter-Defendant's Motion to Dismiss (Docket No. 15) is DENIED.

This case is referred to the Magistrate Judge for further customized case management.

IT IS SO ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5